IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01995-AP

PATRICIA NORWOOD-FEAR,

    Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

**1. APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

<u>For Plaintiff</u>:
Chris R. Noel, Esq.
3000 Pearl Street, Suite 105
Boulder, Colorado 80301-2431
Telephone: (303) 449-6503
Fax: (720) 214-1836
E mail: chrisnoel@noelaw.com

<u>For Defendant</u>:
Kurt J. Bohn
Assistant United States Attorney
By: Debra Meachum
Special Assistant United States Attorney
1961 Stout Street, Suite 1001A
Denver, Colorado 80294
Telephone: (303) 844-0812
Fax: (303) 844-0770
E mail: debra.meachum@ssa.gov

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

## 3. DATES OF FILING OF RELEVANT PLEADINGS

A. **Date Complaint Was Filed:**  10/12/05
B. **Date Complaint Was Served on U.S. Attorney's Office:** 10/17/05
C. **Date Answer and Administrative Record Were Filed:**  12/15/05

## 4. STATEMENT REGARDING THE ADEQUACY OF THE RECORD

**Plaintiff states:** Although counsel has undertaken a timely review of the record, the accuracy and completeness of the Administrative Record cannot be vouchsafe until after Plaintiff's Opening Brief is filed.

**Defendant states:** To the best of her knowledge, the record is adequate.

## 5. STATEMENT REGARDING ADDITIONAL EVIDENCE

**Plaintiff states:** See Plaintiff's statement in Paragraph 4, above.

**Defendant states:**  None anticipated.

## 6. STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

**Plaintiff states:**  This case does involve an unusual and complicated or out-of-the-ordinary claim: it is an *Adamson* case in which Plaintiff's claim was reopened in 1997 because the Commissioner originally denied her claim without assessing her treating physician evidence.  Ms. Fear is now 69 years old, she is deaf without hearing aids, and legally blind from glaucoma.  Her claim was originally filed 16 years ago on August 28, 1989.  On May 24, 2001, Plaintiff obtained a remand in this Court from Judge Walker Miller (case number 99 WM 1600, Order dated 5/23/01), for additional proceedings.  The ALJ did not do what the Court ordered:  get medical expert testimony regarding the Plaintiff's combination of impairments.  After three continuances of the ALJ hearing, Judge Martinez found that it was "too difficult" to find a medical expert who could testify to all Plaintiff's impairments, but the treating physician Dr. Brown submitted a statement that Plaintiff's combination of impairments are disabling.

Nonetheless, the ALJ found Ms. Norwood-Fear could return to her past jobs as a bank teller and counter clerk.  However, the counter clerk job was not SGA so it does not fit

the definition of "past relevant work." The last time Plaintiff worked was 17 years ago in 1988, and her date last insured is long passed, 9/30/92, when Ms. Norwood-Fear was 56 years old.

The Court should order the Commissioner to pay Ms. Norwood the benefits she has claimed now for 16 years, since 1989.

    **Defendant states**:  this case does not raise unusual claims or defenses.

### 7. OTHER MATTERS

None.

### 8. PROPOSED BRIEFING SCHEDULE

    A.    **Plaintiff's Opening Brief Due: 2/15/06.**
    B.    **Defendant's  Response Brief Due: 3/15/06.**
    C.    **Plaintiff's  Reply Brief Due: 3/30/06.**

### 9. STATEMENTS REGARDING ORAL ARGUMENT

    A.    **Plaintiff's Statement:** Oral Argument is requested.
    B.    **Defendant's Statement:**  Oral Argument not requested.

### 10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

    A.    **(X)  All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**
    B.    **( )  All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

### 11. OTHER MATTERS

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL *PRO SE* PARTIES.

### 12. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

*The parties agree that  the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.*

DATED this 6th day of January, 2006.

BY THE COURT:

S/John L. Kane
U.S. DISTRICT COURT JUDGE

APPROVED:

| s/Chris R. Noel<br>CHRIS R. NOEL<br>3000 Pearl Street, Suite 105<br>Boulder, Colorado 80301-2431<br>Telephone: (303) 449 6503<br>FAX: 720 214 1836<br>chrisnoel@noelaw.com<br><br>Attorney for Plaintiff | s/Kurt J. Bohn<br>KURT J. BOHN<br>United States Attorney<br>kurt.bohn@usdoj.gov<br><br>s/Debra J. Meachum<br>DEBRA J. MEACHUM<br>Special Assistant U.S. Attorney<br>1961 Stout Street, Suite 1001A<br>Denver, Colorado  80294<br>Telephone: (303) 844-1570<br>FAX: 303-844-0770<br>debra.meachum@ssa.gov<br>d_meachum@hotmail.com<br><br>Attorneys for Defendant |