UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01995-WYD

PATRICIA NORWOOD-FEAR,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Plaintiff's Refiled Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) (filed November 7, 2006).  The Government filed a response in opposition to Plaintiff's motion on November 17, 2006, arguing that the number of hours claimed by Plaintiff's attorney is not reasonable.  A reply was filed by Plaintiff on November 27, 2006.

    Plaintiff's motion seeks an award of attorney's fees in the amount of $16,566.36, as documented in Plaintiff's motion, Plaintiff's Supporting Brief for Attorney Fees under Equal Access to Justice Act (EAJA) and the exhibits thereto filed November 7, 2006. Plaintiff asserts that she was the prevailing party and is entitled to such fees under the EAJA.  Judgment was issued in favor of Plaintiff on July 31, 2006, and an Amended Judgment was issued August 2, 2006.  Judgment was entered after the Court issued an Order on July 28, 2006, which reversed the Commissioner's decision denying Plaintiff

disability insurance benefits and ordered the Commission to calculate and award such benefits.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The burden of establishing that the Government's position was substantially justified rests with the Government.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied*, 516 U.S. 806 (1995).

In the case at hand, the Commissioner does not dispute that an award of fees is justified.  In other words, she does not assert that fees are improper because the position of the position of the United States was substantially justified or that special circumstances make an award of fees unjust.  I find that an award of fees is appropriate.  First, it is undisputed that Plaintiff was the prevailing party.  Second, I find that the position of the United States was not substantially justified and that an award of fees is proper.  Viewed in the totality of the circumstances, I find that the Commissioner's decision was not based on a reasonable interpretation of the law or facts for the reasons set forth in the decision and in Plaintiff's Supporting Brief for Attorney Fees.

I now turn to the Commissioner's only objection to fees—that the number of hours spent by Plaintiff's counsel on this case was unreasonable.  To determine the reasonableness of a fee request, a court must begin by calculating the so-called

'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* (quotation omitted).

Among the factors to be considered in determining the reasonableness of the fees include the time and labor involved, the novelty and difficulty of the questions, the skill requisite to perform the legal services properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, any prearranged fee, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451m 454-55 (10th Cir.), *cert. denied,* 488 U.S. 822 (1988). "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id.*

I must thus consider what a reasonable attorney would have billed in the marketplace in connection with a typical social security appeal. In that context, I find that the time spent by Plaintiff's counsel (101.50 hours) exceeds what is typically incurred in a social security case. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (noting that the district court concluded that 30 to 40 hours was the average amount of time spent on a social security case); *Chandler v.*

*Sec'y of Health and Human Servs.*, 792 F.2d 70 (6th Cir. 1986) (noting that "41 hours allocated to brief writing, drafting pleadings, research and review of documents seems excessive"); *Isbell v. Chater*, 934 F. Supp. 1129, 1131 (E.D. Mo. 1996) (finding 26.75 hours reasonable for a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (concluding in social security cases that compensated hours generally range from twenty to forty hours, and reducing number of hours expended from 30.5 to 45 hours); *Silva v. Bowen*, 658 F. Supp. 72, 73 (E.D. Pa. 1987) (reducing fee award from 54 hours to 29 hours).

However, this is an unusual case with a voluminous record (1,113 pages) spanning over 17 years. This record obviously required substantial effort on the part of counsel to become familiar with, and counsel had to spend additional time ensuring the record was complete. Plaintiff's counsel asserted a number of claimed errors on the part of the Commissioner, and the briefs were very lengthy. For example, Plaintiff's opening brief was almost 30 pages in length. Thus, I find that this case is more complex than usual in connection with a social security appeal. Further, Plaintiff's counsel achieved an excellent result for her client, and there are other lodestar factors that favor granting Plaintiff's request for fees as detailed in Plaintiff's supporting brief and reply.

I now turn to the specific time expended by counsel in connection with specific tasks to determine whether it was reasonable. Analyzing Exhibit A to the Plaintiff's Supporting Brief, I calculate that counsel incurred 80.50 hours of time in connection with review of the record, preparation and filing of the complaint, and preparation and

filing of the opening brief.  While this is a large amount of time, I find it is reasonable in light of the complexity of this case and the volume of the record.  I also find that the 18 hours spent in analyzing the response brief and preparing the 17 page reply is reasonable, as is the three hours expended in connection with attorney fees.  Finally, I find that the hourly rate charged by counsel is reasonable, and note that the Commissioner has not challenged that rate.

Based upon the foregoing, I find that Plaintiff's request for an award of attorney fees should be granted.  Accordingly, it is

ORDERED that Plaintiff's Refiled Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d) is **GRANTED**, and attorney fees are awarded in the amount of $16,566.35.

Dated:  January 9, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge